UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

JACK PETER BARATTO,                                                Civ. No. 11-105 (MJD/LIB)

      Plaintiff,

v.                                                                                         **REPORT AND**
                                                                                         **RECOMMENDATION**

CITIZENS AUTOMOBILE FINANCE,
INC., and EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendants.

___

      This matter is before the Court upon the Motion to Dismiss of Defendant Citizens Automobile Finance, Inc. ("Citizens"), which has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, it is recommended that Citizens' Motion to Dismiss be denied.

**I.     FACTUAL BACKGROUND**

      In February 2006, Plaintiff Jack Peter Baratto ("Baratto") entered into a loan and security agreement with Citizens in connection with the purchase of a vehicle.  On December 14, 2006, Baratto filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  Citizens was listed as a creditor in Baratto's bankruptcy filings.

      On January 29, 2007, Baratto filed a Reaffirmation Agreement in the bankruptcy proceeding, which reaffirmed his personal obligation under the loan and security agreement with Citizens.  Subsequently, on March 12, 2007, Baratto filed a rescission of the Reaffirmation Agreement, and on March 20, 2007, the Bankruptcy Court entered an Order of Discharge,

1

thereby discharging Baratto's personal liability to Citizens in connection with the vehicle loan. In September 2007, Baratto voluntarily paid the balance on the vehicle loan in full, and Citizens subsequently released the lien on Baratto's vehicle, of which Baratto had retained possession.

### A.   The 2009 Action

At some point in 2008, Baratto requested copies of his credit report from the three national credit reporting agencies (TransUnion, CSC Credit Services, and Experian) (collectively, the "CRAs"). Baratto observed that the CRAS were reporting that his Citizens loan had been discharged in bankruptcy.

Accordingly, in February 2009, Baratto sent dispute letters to the three CRAs claiming that his credit reports did not accurately reflect that his Citizens account had been paid in full in September 2007. In response, the CRAs reported the dispute to Citizens, but Citizens declined to change the way that it was reporting Baratto's account.

On April 17, 2009, Baratto filed a Complaint against Citizens in the District of Minnesota, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (Court File No. 09-cv-0886 (JMR/FLN), hereinafter "the 2009 action"). Baratto alleged that Citizens had incorrectly reported his account to the CRAs as "discharged in bankruptcy" instead of "paid in full," and further alleged that Citizens had failed to conduct a reasonable investigation in response to the disputes lodged by Baratto.

On April 12, 2010, the parties entered into a confidential settlement agreement, which has been submitted under seal for the Court's review. The settlement agreement included a full and complete release for any and all claims pertaining to the allegations of Baratto' Complaint in the 2009 action. For its part, Citizens agreed to update the industry form that it provides to the

CRAs for Baratto's account. Thereafter, on April 16, 2010, the parties filed a stipulation of dismissal with prejudice. The stipulation states that "all claims and counterclaims between Plaintiff and [Citizens] which have been brought or which could have been brought in the [2009 action] may be, and hereby are, dismissed with prejudice." On April 19, 2010, the Honorable James R. Rosenbaum dismissed the 2009 action with prejudice.

### B.     The Present Action

In or around September 2010, Baratto again obtained credit reports from the three national CRAs and observed that they were still reporting his Citizens account as "discharged in bankruptcy" as opposed to "paid in full." Thereafter, Baratto sent the CRAs letters disputing the Citizens tradeline. Defendant Experian Information Solutions, Inc. ("Experian") refused to investigate the dispute. TransUnion responded by reporting that it had forwarded the dispute to Citizens but had not received complete information indicating that Baratto had paid the loan in full. CSC Credit Services sent an updated report showing the Citizens tradeline as "paid/closed."

On January 14, 2011, Baratto instituted the present action, alleging that Citizens violated the FCRA by failing to conduct a reasonable investigation in response to his September 2010 complaint and by failing to report accurate and complete information. Citizens now moves to dismiss Baratto's claims against Citizens pursuant to Fed. R. Civ. Pro. 12(b)(6), claiming that his claim is barred by the doctrines of res judicata and collateral estoppel.

## II.    STANDARD OF REVIEW

Fed. R. Civ. Pro. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those

facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing Double D Spotting Service, Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998). All reasonable inferences must be drawn in favor of the nonmoving party. Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Res judicata is an issue of law that may be determined on a motion to dismiss; however, "the facts that establish the defense must be **definitively ascertainable** from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." Rabo Agrifinance, Inc. v. Wachovia Capital Finance Corp., 2011 WL 601157 at *2 (D.Minn. Feb. 11, 2011), quoting In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

### III.   DISCUSSION

#### A.   Claim Preclusion

First, Citizens argues that Baratto's claim is barred by the doctrine of res judicata. For his part, Baratto argues that the present action is based on a claim that arose after the resolution of the 2009 action, and therefore, res judicata does not bar his current action against Citizens.

"The Eighth Circuit Court of Appeals has held that a federal court should apply federal law to determine the preclusive effect of a prior federal judgment in a case based on federal question jurisdiction." Peda v. Fort Dodge Animal Health, Inc., 293 F.Supp.2d 973, 982 (N.D.Iowa 2003), citing Jaramillo v. Burkhart, 999 F.2d 1241, 1245 (8th Cir. 1993); see also,

Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982), and Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1012 (8th Cir. 1990). The 2009 action was brought in federal court under the court's federal question jurisdiction. Consequently, federal law governs the preclusive effect to be afforded to the judgment in the 2009 action.

Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action." Wintermute v. Kansas Bankers Surety Co., 630 F.3d 1063, 1067 (8th Cir. 2011), quoting Professional Management Associations, Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003). The elements of res judicata are: "(i) the court that previously adjudicated the claim had jurisdiction to do so, (ii) the previous litigation resulted in a final judgment on the merits, and (iii) the previous suit involved the same cause of action between the parties, or was based on the same nucleus of operative facts." Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999).

"When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of res judicata." Id., citing Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995). However, "[c]laim preclusion . . . does not apply to claims that did not exist when the first suit was filed." Lundquist v. Rice Memorial Hospital, 238 F.3d 975, 977 (8th Cir. 2001)(finding that res judicata did not bar claim for wrongful termination in second suit, where first suit alleged employment discrimination, because the termination underlying the second suit occurred after the first suit was filed)[1]; Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co., 228 F.3d 883, 886

---

[1] In Lundquist, plaintiff's termination occurred while the first discrimination action was pending. The district court denied a motion to amend in the first action based on the scheduling order, and consequently, the Eighth Circuit determined that the claim had not been addressed on the merits.

(8th Cir. 2000)("It is well settled that claim preclusion does not apply to claims that did not arise until after the first suit was filed.")

Baratto does not dispute that the District Court had jurisdiction in the 2009 action or that there was a final judgment on the merits. Rather, Baratto argues that Citizens has failed to establish the existence of the third element of res judicata, namely, that the present action involves the same cause of action that was raised in the 2009 action. In particular, Baratto argues that the present lawsuit is based on violations of the FCRA that occurred after judgment was entered in the 2009 action and that the judgment in the 2009 action did not relieve Citizens from liability for future violations of the FCRA. Baratto maintains that each separate incident in which a furnisher of information fails to fulfill its duty to reasonably investigate a dispute gives rise to a new and distinct claim under the FCRA. Accordingly, because Baratto's current claim is based on Citizens' conduct after the dismissal with prejudice in the 2009 action, Baratto argues that it is not barred by res judicata.

For its part, Citizens contends that Baratto's claim is the same claim as he asserted in the 2009 action because Baratto's current claim is based on the same operative facts. As argued by Citizens, the present lawsuit involves the same allegations that Citizens is misreporting Baratto's account as discharged in bankruptcy rather than paid in full, based upon the same statutory authority. As such, Citizens claims that Baratto's present claim is virtually identical to the claim he asserted in the 2009 action and that it is therefore barred by res judicata.

As a threshold matter, the Court must look to the nature of an FCRA claim in order to determine whether a new and distinct claim has been raised in the present action. Section 1681s-2 of the FCRA "describes the duties of an entity which provides information to a Credit

6

Reporting Agency when such entity is notified of a dispute regarding the completeness or accuracy of the furnished information." Meyer v. F.I.A. Card Services, N.A., --- F.Supp.2d ---, 2011 WL 359221 at *3 (D.Minn. Feb. 1. 2011), quoting Johnson v. United States Department of Defense, 2000 WL 33956225, at *3 (D.Minn. Oct. 17, 2000).  Under Section 1681s-2, entities that furnish information to CRAs have two primary duties.  First, they have a duty to provide accurate information.  15 U.S.C. § 1681s-2(a).  However, the duty to provide accurate information imposed by Section 1681s-2(a) does not give rise to a private right of action. Yutesler v. Sears Roebuck and Co., 263 F.Supp.2d 1209, 1210-11 (D.Minn. 2003).

Second, entities that furnish information to CRAs have a duty to undertake a reasonable investigation upon being notified that a consumer disputes credit information that it furnished to a CRA.  15 U.S.C. § 1681s-2(b); see also, Hurocy v. Direct Merchants Credit Card Bank, N.A., 371 F.Supp.2d 1058, 1060 (E.D.Mo. 2005)("Courts have determined that furnishers of information are required to conduct a 'reasonable' investigation of a consumer's dispute regarding information contained in a credit report.")  However, unlike Section 1681s-2(a), Section 1681s-2(b) does confer a private right of action for challenging a furnisher's failure to conduct a reasonable investigation in response to a dispute lodged by a consumer. Bruce v. First U.S.A. Bank, N.A., 103 F.Supp.2d 1135, 1142-43 (E.D.Mo. 2000).  A claim under Section 1681s-2(b) arises "only after a consumer . . . has notified a credit bureau that he disputes the accuracy of the information provided by a creditor . . . and, in turn, the credit bureau has advised the creditor . . . of the dispute." Thulin v. EMC Mortgage Corp., 2007 WL 3037353 at *6 (D.Minn. Oct. 16, 2007).  In other words, "[i]t is the **failure to act** as prescribed by the statute after receiving notice of a dispute which creates the cause of action." Broccuto v. Experian

Information Solutions, Inc., 2008 WL 1969222, at *3 (E.D.Va. May 6, 2008) [emphasis supplied].

One Court within this district has concluded that "each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation." Larson v. Ford Credit, 2007 WL 1875989 at *4 (D.Minn. June 28, 2007)(applying in the statute of limitations context); see also, Broccuto, 2008 WL 1969222 at *4 ("The statute's construction creates a violation **every time a consumer submits a dispute** to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by the statute.  The fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency" to take action pursuant the statute)[emphasis supplied]; Young v. Equifax Credit Information Services, Inc., 294 F.3d 631, 636 (5th Cir. 2002)("[Under the FCRA], the republication of credit information resulting in a new denial of credit constitutes a distinct harm and thus gives rise to a cause of action that is separate from that arising from the original publication.")[2]  Given the above authority, the Court concludes that a new and distinct claim arises each time that Citizens fails to conduct a reasonable investigation in response to a dispute lodged by Baratto.

---

[2]  The Court recognizes that some courts outside of the Eighth Circuit have not adopted this interpretation of the statute.  See, e.g., Bittick v. Experian Information Solutions, Inc., 419 F.Supp.2d 917 (N.D.Tex. 2006)(holding that lodging another dispute with a CRA regarding the same allegedly inaccurate information does not start a new limitations period); Blackwell v. Capital One Bank, 2008 WL 793476 (S.D.Ga. Mar. 25, 2008) (declining to adopt the reasoning in Larson and holding that newly submitted complaints do not restart the statute of limitations).  These cases are not binding authority.  The Court finds persuasive, and relies on, the Larson case from this District, and the other cases adopting this construction of the statute.

In <u>Lawlor v. National Screen Service Corp.</u>, 349 U.S. 322 (1955), the Supreme Court addressed a similar situation.  The plaintiff in that case commenced an action seeking recovery of treble damages for alleged violations of federal antitrust laws.  A previous antitrust action had been settled and dismissed with prejudice, and in the second suit, the plaintiffs named additional defendants and alleged antitrust violations that occurred after the first action had been dismissed.  The district court granted the defendants' motion to dismiss on res judicata grounds and the decision was affirmed on appeal.  The Supreme Court reversed, reasoning that the two suits were not based on the same cause of action because "[t]he conduct presently complained of was all subsequent to the . . . [previous] judgment."  <u>Id.</u> at 328.  The Supreme Court stated that, "[w]hile the . . . [previous] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."

In the present action, Baratto challenges the investigation that Citizens conducted after the 2009 action was dismissed, and therefore, this is not the same claim that was raised in the 2009 action.  Rather, the present action is based on a different set of underlying facts – namely, the circumstances of Citizens' investigation, if any, that was triggered by the dispute lodged by Baratto in September 2010.  As such, Baratto's present claim raises a separate and distinct claim from the claim that was asserted in the 2009 action.  Because this new and separate claim could not have been asserted in the 2009 action, it is not barred by the doctrine of res judicata.  <u>See</u>, <u>e.g.</u>, <u>Nelson v. Equifax Information Services, LLC</u>, 522 F.Supp.2d 1222, 1231 (C.D.Cal. 2007)(release of claims executed in prior action between purported debtor and debt collection agency did not bar debtor's claim against under FCRA for conduct related to the re-reporting of

the account that occurred after the release was executed). Therefore, Citizens' motion to dismiss on res judicata grounds should be denied.

      B.      Issue Preclusion

Next, Citizens argues that even if claim preclusion does not bar Baratto's present action against Citizens, his current claim is barred by the doctrine of issue preclusion. The Court finds this argument to be without merit.

"Under issue preclusion, previously known as collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir. 2010), cert. denied 131 S.Ct. 357 (2010), quoting Allen v. McCurry, 449 U.S. 90, 94 (1980). A previous court judgment will support the application of issue preclusion if "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." Dodson v. University of Arkansas for Medical Sciences, 601 F.3d 750, 761 (8th Cir. 2010), cert. denied, 131 S.Ct. 902 (2011). "The party asserting collateral estoppel has the burden of proving that all four elements apply." In re Miera, 926 F.2d 741, 743 (8th Cir. 1991). "To determine whether an issue was actually litigated and was necessary to the decision in the prior action, the court should examine the entire record of the earlier proceeding." Id.

According to Citizens, the underlying issue in both the 2009 action and the present action is whether it is accurately reporting Baratto's account to the CRAs as discharged in bankruptcy

rather than paid in full. Citizens contends that because the settlement agreement fully resolved how Citizens would report Baratto's account to the CRAs, Baratto is now collaterally estopped from arguing that Citizens is not accurately reporting Baratto's account.

Because parties often do not make factual concessions when they stipulate to the dismissal of a case, "the general rule is that a consent judgment has no issue-preclusive effect unless it is clearly shown that the parties intended to foreclose a particular issue in future litigation." United States v. Brekke, 97 F.3d 1043, 1049 (8th Cir. 1996)[citations omitted](holding that issue preclusion did not apply because no factual concessions were made in the settlement agreement in the prior suit and the judgment of dismissal merely stated that the parties stipulated to the dismissal of the action), cert. denied, 520 U.S. 1132 (1997); see also, Arizona v. California, 530 U.S. 392, 414 (2000)("settlements ordinarily occasion no **issue preclusion** . . . unless it is clear . . . that the parties intended their agreement to have such an effect."); Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc., 575 F.2d 530, 537 (5th Cir. 1978)(issue preclusion did not apply because the case was resolved by a consent decree and no issues of law or fact were adjudicated); In re Olson, 170 B.R. 161, 167 (D.N.D. 1994)("Logic dictates that because nothing is 'adjudicated' between parties to a consent judgment, the essential requirement of 'actual litigation' necessary to issue preclusion cannot be satisfied since the very reason for entering into a consent judgment is to avoid litigation."); Richardson v. Alabama State Board of Education, 935 F.2d 1240, 1245 (11th Cir. 1991)("The proper analysis . . . is whether the parties specifically agreed to preclude a given issue in the consent decree."); Coates v. Kelley, 957 F.Supp. 1080, 1084 (E.D.Ark. 1997)("Applying the doctrine of collateral estoppel in the context of a consent decree is more difficult than applying res judicata in that, when parties settle a case, they actually litigate nothing, and that requirement of collateral estoppel goes

unsatisfied."); Engelhardt v. Bell & Howell Co., 327 F.2d 30, 36 n. 1 (8th Cir. 1964)("collateral estoppel is not applicable as the case was never tried and hence no findings of fact were made which the parties are precluded from challenging."); Lawlor, 349 U.S. at 327 (holding that judgment dismissing previous suit did not bind the parties on any issue because the judgment was unaccompanied by any findings).

In the 2009 action, Citizens and Baratto stipulated to a dismissal of the action with prejudice before any issues were actually litigated or adjudicated. Neither the stipulation of the parties nor the District Court's order of dismissal resolved, or presented any intent to resolve, any issues that had been raised in that litigation. Because the judgment of dismissal did not contain any findings, collateral estoppel is not applicable to the present case, and therefore, Baratto is not precluded from litigating any issues that were raised but not actually litigated in the 2009 action. See, Pelletier v. Zweifel, 921 F.2d 1465, 1501 (11th Cir. 1991) (finding that because the judgment of dismissal with prejudice "is unaccompanied by findings, it does not . . . collaterally estop the plaintiff from raising issues that might have been litigated if the case had proceeded to trial."), cert. denied, 502 U.S. 855 (1991).

The Court recognizes that the parties agreed on how Citizens would report Baratto's account in their settlement agreement. First, the Court does not believe that the settlement agreement can be invoked for purposes of collateral estoppel, because it does not have the force of a judgment, and indeed, was not even referenced or incorporated in any of the court filings in the 2009 action. As such, the effect of the settlement agreement is governed by principles of contract law, not by the doctrine of collateral estoppel. See, Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 194 (8th Cir. 1995) ("Settlement agreements are governed by basic principles of contract law."); Wright & Miller, Federal Practice and Procedure § 4443 ("a private settlement

does not give rise to preclusion if it is not transformed into a judgment. Whatever effect it has on the future relationships between the parties derives from its force as a contract, not from res judicata.")

Therefore, the settlement agreement is not properly before the Court at this time. In any event, a review of the settlement agreement does not demonstrate the clear intention that would be necessary to preclude future litigation of any specific issues, including whether or not Citizens was properly reporting Baratto's account. The parties' agreement acknowledges and states that the purpose of the settlement was to avoid the uncertainty and inconvenience of litigation. The parties further acknowledged that the settlement agreement did not constitute an admission of the validity of Baratto's claims or an admission of any kind on the part of Citizens. Citizens argues that because the parties were extremely specific about how Citizens was to report Baratto's account, they manifested an intent to preclude future litigation of this issue. The Court disagrees. The agreement indicates only that the parties reached an agreement on how Citizens would report Baratto's account in arriving at a mutually agreeable settlement of the action. Significantly, "[c]ourts have noted that consent judgments may be motivated by any number of collateral considerations, including the costs of litigation or an inconvenient forum." United States v. Rocky Mountain Holdings, Inc., --- F.Supp.2d ---, 2011 WL 891823 at *8 (E.D.Pa. Mar. 10. 2011). Accordingly, "the Court should deem an issue 'fully litigated' only if the language of the judgment manifests such an intent by the parties." Id., citing Arizona, 530 U.S. at 414. The open-ended agreement does not demonstrate a clear intent to stipulate to and

resolve for future litigation any specific issues; rather, it only demonstrates that the parties intended to resolve the 2009 action without further litigation.[3]

Therefore, Citizens' motion to dismiss on issue preclusion grounds should also be denied.

## IV. CONCLUSION

In sum, the Court finds that the claims asserted by Baratto in this action are not barred by either claim or issue preclusion, and accordingly, the Court finds that Citizens' motion to dismiss should be denied.

Accordingly, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

Defendant's Motion to Dismiss [Docket No. 5] be DENIED.


Dated: August 1, 2011  
                                                            s/Leo I. Brisbois  
                                                            LEO I. BRISBOIS  
                                                            United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 15, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and

---

[3] Citizens first raised the argument of issue preclusion, and the applicability of the settlement agreement, in its Reply. Consequently, Baratto filed a motion seeking leave to file a Sur-Reply, which the Court granted. In his Sur-Reply, Baratto argues that the settlement agreement is unenforceable due to mutual mistake or unilateral mistake induced by fraud or inequitable conduct. As noted, the settlement agreement is not properly before the Court at this time. Moreover, the Court need not address this argument, since it has concluded that res judicata and collateral estoppel do not preclude Baratto from litigating his current claims against Citizens.

Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.